b

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| PENN-AMERICA INSURANCE CO.,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-00706 |
| VERSUS | JUDGE JOSEPH |
| HAROS, L.L.C., ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Defendant Malcolm X. Larvadain ("Larvadain") filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 5) and, alternatively, a Motion to Dismiss for Failure to State a Claim (ECF No. 5).  Defendant Haros, L.L.C. ("Haros") filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 10) and, Alternatively, a Motion to Abstain (ECF No. 10).

Because Haros has not carried its burden of showing to a legal certainty that Larvadain's claim does not meet the jurisdictional threshold, his Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 10) should be denied.

Because Larvadain and Haros have the same ultimate interest in the coverage issue, Larvadain's Motion to Realign Haros as a Plaintiff and Dismiss the action for lack diversity jurisdiction (ECF No. 5) should be DENIED.

Likewise, Haros's Motion to Realign Larvadain as a Plaintiff and Dismiss the action for lack diversity jurisdiction (ECF No. 10) should also be DENIED.

Because, under the Anti-Injunction Act, this Court lacks authority to enter a declaratory judgment in this case, this action should be DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

Alternatively, Larvadain's Motion to Dismiss pursuant to Rule 12(b)(6) (ECF No. 5) and Haros's Motion to Abstain and Dismiss (ECF No. 10) should be GRANTED and Penn-America's declaratory judgment action should be DISMISSED WITHOUT PREJUDICE.

## I.    Background

Plaintiff Penn-America Insurance Co. ("Penn-America") issued a commercial general liability insurance policy ("the Policy") to Haros, a construction company. Haros contracted with Larvadain to renovate his office building.  During the demolition phase of the renovation, Larvadain's building collapsed.  Larvadain contends that, according to his structural engineer, the building would not have collapsed had Haros installed temporary bracing.  Larvadain filed a claim against Penn-America, Haros's liability insurer, contending contractor error caused the full collapse of his building.

Larvadain made his informal claim in correspondence with Penn-America on January 6, 2022.  ECF No. 5-2 at 9, ¶ 66.  Penn-America denied his claim the same day.  ECF No. 5-2 at 9, ¶ 67.  Larvadain submitted a formal claim to Penn-America on February 8, 2022.  ECF No. 5-2 at 10, ¶ 69.  About five days after Penn-America's deadline to respond to Larvadain's claim ran out, Penn-America filed this

declaratory action, without responding to Larvadain's claim.  ECF No. 1.  Two weeks later, Larvadain filed his state court action for damages.  ECF No. 5-2.

In its Complaint, Penn-America asks this Court to find: (1) that Defendant Larvadain's claims and damages are excluded under the Policy; and (2) that it does not have a duty to defend or indemnify Haros.

Penn-America asserts diversity jurisdiction, alleging that: it is incorporated in and has its principal place of business in Pennsylvania; Haros is a limited liability company whose members are citizens of Louisiana; and Larvadain is a citizen of Louisiana.

Larvadain filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  ECF No. 5.  Haros also filed a Motion to Dismiss pursuant to Fed. R. Civ. P. as(b)(1) and a Motion to Abstain or, in the alternative, a Motion to Stay this case pending the outcome of the state court action.  ECF No. 10.

Penn-America opposes those motions.  ECF Nos. 8. 14.

## II.    Law and Analysis

### A.    Defendants' Motions to Dismiss for lack of diversity jurisdiction should be denied.

#### 1.    Subject matter jurisdiction based on diversity.

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation.  *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  There is a presumption against subject matter

jurisdiction, which must be rebutted by the party bringing an action to federal court. *See Coury*, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Thus, Defendants have the burden of proving this Court has diversity jurisdiction.

The general-diversity statute permits federal district court jurisdiction over suits for more than $75,000 between citizens of different States. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Stangel v. A-1 Freeman North America, Inc.*, 64 Fed. Appx. 416, *1 (5th Cir. 2003). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Remand is proper if at any time the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. *See Gasch v. Hartford Accident & Indemnity Co.,* 491 F.3d 278, 281–82 (5th Cir. 2007).

## 2. <u>The amount in controversy exceeds $75,000.</u>

Haros contends this Court lacks subject matter jurisdiction because the amount in controversy is below $75,000.

Because the Declaratory Judgment Act does not, itself, confer subject matter jurisdiction on the Court, Penn-America must show diversity jurisdiction as

asserted in its Complaint. "In an action for declaratory relief, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). "[W]hen an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the 'value of the right to be protected' is the 'plaintiff's potential liability under the policy,' plus potential attorneys' fees, penalties, statutory damages, and punitive damages." *Hartford Insurance Group*, 293 F.3d at 911–12 (*citing St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1250 (5th Cir. 1998); *see also Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*, 355 Fed. Appx. 778, 779 (5th Cir. 2009). "Where a claim exceeds policy limits, the policy limits are the measure for determining whether the amount in controversy requirement is satisfied." *Tonia's Levee Landing, Inc. v. Colony Ins. Co.*, 2021 WL 2905551, at *1 (W.D. La. 2021) (*citing Payne v. State Farm Mutual Auto Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959)); *see also Certain Underwriters at Lloyds London*, 355 Fed. Appx. at 779 (*citing Harford Insurance Group*, 293 F.3d at 912).

If a plaintiff's demand exceeds the jurisdictional threshold amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also In re 1994 Exxon Chemical Fire,* 558 F.3d 378, 387 (5th Cir. 2009); *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte,* 536 F.3d

439, 455 n. 6 (5th Cir. 2008).  "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury Indemnity Co.*, 303 U.S. at 289.

Haros argues that, in 2014 and 2015, Larvadain's building was valued at $21,300 and the land was valued at $10,000 by the Rapides Parish Tax Assessor. ECF No. 10-4 at 7-10.  Subsequent to that valuation, but before it was purchased by Larvadain in 2016, there was a partial collapse of the building.  In 2016, after the partial collapse of the building, the land was valued at $7,000, and the building was valued at $0 by the Rapides Parish Tax Assessor.  ECF No. 10-4 at 11-13. Larvadain paid $6000 for the property.  ECF No. 10-3.

In 2017, 2018, 2019, 2020, and 2021, Larvadain's land was still valued at $7000 and the building was valued at $0 by the Rapides Parish Tax Assessor.  ECF No. 10-4 at 1-5, 14-22.  The building fully collapsed in 2022.  Larvadain alleges that collapse was caused by contractor error.

Haros contends the tax assessor's records shows the amount at issue is less than $75,000.

However, Larvadain stated in his demand letter to Penn-America that the building was approximately 100 years old and made entirely of brick, and that he

6

had intended to restore the structure.  ECF No. 5-2 at 57.  Larvadain sent Penn-America a repair estimate for $1,087,268.90.  ECF No. 5-2 at 58.  Larvadain demanded that Penn-America pay the policy limits of $1,000,000 plus statutory penalties and attorney fees.  ECF No. 5-2 at 58.

Because Haros has not carried its burden of showing to a legal certainty that Larvadain's claim does not meet the jurisdictional threshold, his Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 10) should be denied.

3.   <u>Haros is properly aligned as a Defendant in the declaratory judgment action.</u>

Larvadain contends the Court lacks subject matter jurisdiction because, when they are correctly aligned, the parties are not diverse.  He argues the parties should be realigned to cast Haros as a Plaintiff since Haros is actually Penn-America's insured, and Penn-America advocates for both itself and Haros in Paragraph 12 of its Complaint.[1]

Penn-America contends that Larvadain and Haros are aligned in favor of coverage under the Penn-America policy.  Therefore, diversity exists.

---

[1] Paragraph 12 of Penn-America's Complaint states:

    12. Any claims and/or damages asserted against Haros, LLC and/or Penn-America Insurance Company are barred, excluded, and/or limited by the express terms, conditions, exclusions, forms, declarations, limits, business description, and/or endorsements of commercial General Liability Policy PAV0329826 issued by Penn-America Insurance Company to Haros, LLC ("the Policy"), which are pleaded in their entirety as if copied here in extenso.

Haros contends its interests are averse to both Penn-America's and Larvadain's, but since its interests are more aligned with Penn-America's than with Larvadain's, there no diversity jurisdiction.

Realignment of parties is done for federal jurisdictional purposes. Federal courts have a duty to ensure that parties are properly aligned, and, if necessary, they must carry out that duty *sua sponte*. *See GuideOne Specialty Mutual Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 681 (5th Cir. 2012).

"It is well-settled that federal courts are not bound by the alignment of the pleader as to parties plaintiff or defendant; but that they will work out the relation of each party to the suit according to the nature of his real interest, and then decide the question of jurisdiction." *See Peters v. Standard Oil Co. of Texas*, 174 F.2d 162, 163 (5th Cir. 1949). "Whether the necessary collision of interest exists must be ascertained from the 'principal purpose of the suit' and the 'primary and controlling matter in dispute.'" *GuideOne Specialty Mutual Ins. Co.*, 687 F.3d at 681 n. 2 (*quoting Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010)).

In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute. *See Griffin*, 621 F.3d at 388. In the Fifth Circuit, "the generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side." *Griffin*, 621

8

F.3d at 388 (*citing Lowe v. Ingalls Shipbuilding, A Division of Litton Systems, Inc.*, 723 F.2d 1173, 1178 (5th Cir 1984)).

For a "controversy" contemplated by the Declaratory Judgment Act, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (*citing Aetna Life Insurance Co. of Hartford, Connecticut v. Haworth*, 300 U.S. 227, 239-242 (1937)). "It is immaterial that frequently, in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case." *Maryland Casualty Co.*, 312 U.S. at 273 (*citing Nashville, Chatanooga, and St. Louis Railway Co. v. Wallace*, 288 U.S. 249, 261 (1933)). "[A court] will not presume that the relationship between the insurer and the injured parties in a declaratory suit brought by the insurer in which the insured is also a defendant is the same relationship which would arise by way of a suit under the direct action statute merely because the law of this state provides for the possibility of direct actions."[2]  *Government Employees Insurance Co. v.*

---

[2] The anticipation of a direct action suit by way of declaratory judgment suit, as sanctioned by the *Maryland Casualty Co.* case, does not automatically bring the Direct Action Statute into play merely because the benefits of that statute are available to injured parties at their election. *See LeBleu*, 272 F. Supp. at 431.

*LeBleu*, 272 F. Supp. 421, 430 (E.D. La. 1967) (finding an insurer and its insured had adverse interests in a suit for declaration of non-coverage)

In *Maryland Casualty Co.,* the insurer sought a declaratory judgment against the insured, to determine whether there was coverage under the policy. *See Maryland Casualty Co.*, 312 U.S. at 273. The United States Supreme Court found there was an actual controversy between the insurer and the insured, and that the insurer's complaint for declaratory judgment stated a cause of action against the insured. *See Maryland Casualty Co.*, 312 U.S. at 274; *see also LeBleu*, 272 F. Supp. at 429 ("We see no compulsion in this declaratory judgment proceeding, even if the parties are realigned to reflect their true status . . . to presume that the legal relationship in this suit vis-a-vis the insurer and the injured parties should automatically and necessarily be that which might arise by way of a direct action suit."); *see also LeBleu,* 272 F. Supp. at 429.

Penn-America asks for a Declaratory Judgment declaring that there is no coverage under the Policy issued to Haros for the claims and damages asserted by Larvadain, and therefore, under the contract, Penn-America has no duty to defend or indemnify Haros.[3]  ECF No. 1 at 13. As in *Maryland Casualty Co.,* Penn-

---

[3] Section I, Paragraph I(a) of the contract states in part:
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to

America's complaint for a declaratory judgment as to coverage, indemnification, and duty to defend states a cause of action against the insured, Haros, as well as the victim, Larvadain.

Larvadain relies on *Fireman's Fund Insurance Co. v. Dunlap*, 317 F.2d 443 (4th Cir. 1963), a declaratory judgment action in which the court held the insured should be realigned as a plaintiff with his insurer.  However, in that case, the court found there was no actual controversy between the insurer and the insured due to the insurer's clear contractual duty to defend the insured against any action.  *See Fireman's Fund Insurance Co.,* 317 F.2d at 445.

In this case, both Haros and Larvadain claim there is coverage under the Penn-America policy for Larvadain's damages.  Haros also contends there is coverage for the claims and that Penn-America has a duty to defend and indemnify it.  Thus, both Haros and Larvadain have the same "ultimate interest" in the coverage issue, and have an actual controversy with Penn-America over coverage.

Therefore, Haros is properly aligned as a Defendant in this action, and Larvadain's Motion to Realign Haros as a Plaintiff and dismiss the action for lack of diversity jurisdiction (ECF No. 5) should be denied.

---

defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

4. <u>Larvadain is correctly aligned as a Defendant in the declaratory judgment action.</u>

Haros contends that Larvadain should be realigned as a Plaintiff in Pan-America's declaratory action because Larvadain's interests are averse to Haros's interests.

As stated above, Haros and Larvadain's interests would be (and are) averse in a regular tort action. However, Larvadain's interest in coverage under the Penn-America policy is averse to Penn-America's denial of coverage. The fact that both Haros's and Larvadain's interests are averse to Penn-America's interest in this declaratory judgment action does not mean their interests are exactly the same. But they have the same ultimate interest in the coverage issue.

Therefore, in this declaratory judgment action, Larvadain is correctly aligned as a Defendant. *Compare Maryland Casualty Co.*, 312 U.S. at 274; *see also LeBleu*, 272 F. Supp. at 429. Haros's Motion to Realign Larvadain as a Plaintiff (ECF No. 10) and dismiss the action for lack of diversity jurisdiction should be denied.

B. <u>The Court lacks subject matter jurisdiction under the Anti-Injunction Act and, alternatively, should abstain and dismiss this action.</u>

Larvadain filed an alternative Motion to Dismiss under Rule 12(b)(6), asking the Court to decline to exercise jurisdiction pursuant to *Brillhart v. Excess Insurance Company of America,* 316 U.S. 491 (1942). ECF No. 5. Likewise, Haros filed an alternative Motion to Abstain and dismiss, also citing *Brillhart*. ECF No. 10.

When considering a declaratory judgment action, a district court must engage in a three-step inquiry to determine whether to decide to dismiss a complaint for declaratory relief. *See Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an "actual controversy" exists between the parties to the action such that it has subject matter jurisdiction. *See Orix Credit Alliance, Inc.,* 212 F.3d at 895 (*citing Rowan Companies, Inc. v. Griffin,* 876 F,2d 26, 27-28 (5th Cir. 1989)). Second, if it has jurisdiction, then the district court must resolve whether it has the authority, under the Anti-Injunction Act, to grant declaratory relief in the case presented. *See Orix Credit Alliance, Inc.,* 212 F.3d at 895 (*citing Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.,* 996 F.2d 774, 775 (5th Cir. 1993)). Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action. *See Orix Credit Alliance, Inc.,* 212 F.3d at 895; *see also American Bankers Life Assurance Co. of Florida v. Overton,* 128 Fed. Appx. 399, 401 (5th Cir. 2005); *Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 387 (5th Cir. 2003); *Hartford Casualty Insurance Co. v. Arkansas, Louisiana, and Mississippi Pipe Trades Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada,* 2011 WL 1211518, at *2 (W.D. La. 2011).

The parties have not presented any arguments as to the first two factors.

1.    <u>Penn America has not carried its burden of showing this declaratory action is justiciable.</u>

The Declaratory Judgment Act, 28 U.S.C. § 2201(a),[4] is an enabling act that confers discretion on the courts, rather than an absolute right on a litigant. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995)); *In re Complaint of River City Towing Services, Inc.,* 199 F. Supp. 2d 495, 499 (E.D. La. 2002). The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. *See id.* The purpose of the Declaratory Judgment Act is "to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued." *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 28 (5th Cir.1989) (quoting *LeBleu,* 272 F. Supp. at 427); *In re Complaint of River City Towing Services, Inc.,* 199 F. Supp. 2d at 499. The Declaratory Judgment Act was also intended to provide a mechanism for resolving a justiciable controversy before it evolves into a violation of the civil or criminal law or a breach of a contractual duty. *See id.*

"The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' A case is generally

---

[4] "In a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."    28 U.S.C. § 2201.

14

ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Orix Credit Alliance, Inc.*, 212 F.3d at 895 (*quoting New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 833 F.2d 583, 586-87 (5th Cir. 1987)).

A declaratory judgment action is ripe for adjudication only where an "actual controversy" exists. *See* 28 U.S.C. § 2201(a); *Orix Credit Alliance, Inc.*, 212 F.3d at 897; *Texas v. West Publishing. Co.*, 882 F.2d 171, 175 (5th Cir. 1989), *cert. den.*, 493 U.S. 1058 (1990). As a general rule, an actual controversy exists where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Orix Credit Alliance, Inc.*, 212 F.3d at 897 (*quoting Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis. *See Orix Credit Alliance, Inc.*, 212 F.3d at 897.

The threat of litigation, if specific and concrete, can establish a controversy upon which declaratory judgment can be based. *See Orix Credit Alliance, Inc.*, 212 F.3d at 897. In his state court Petition, Larvadain alleges that Haros:

> "violated the duty to exercise ordinary care and refrain from creating hazardous conditions by (1) failing to cease demolition efforts when told to do so by the project manager and (2) by failing to install the temporary bracing when told to do so by plaintiff; the breach of the two (2) duties resulted in the collapse of the western wall, damaging the building beyond repair." ECF No. 5-2 at 10, ¶ 74.

15

In its federal Complaint, as well as its briefs on these motions, Penn-America contends that Larvadain's claims are barred by the policy and that it has no duty to defend or indemnify Haros.[5]

There is an actual controversy between the parties to the action. In both this declaratory action, and the state court action, the courts must be decided whether Haros's insurance policy affords coverage, indemnification, and defense to Haros. *Compare Montpelier U.S. Insurance Co. v. Henry*, 2014 WL 1713407, at * 3 (W.D. La. 2014) ("An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment.") (*citing American States Insurance Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998)). Both the Complaint in this action and the petition in the state court suit (attached to Larvadain's motion) allege facts that present an actual controversy concerning the

---

[5] Penn-America copied several sections of its insurance policy into its Complaint, repeatedly stating between contract provisions: "Penn-America Insurance Company shows that coverage for the claims and damages asserted by Mr. Larvadain is barred, excluded, and/or limited by one or more of the terms, conditions, exclusions, forms, declarations, limitations, and/or endorsements of the Policy, including, but not limited to, the following: . . . ." ECF No. 1.

Penn-America does not specify in its briefs (ECF Nos. 8, 14) which provisions of the policy it is relying on and why they are applicable: "Penn-America filed this declaratory judgment action as a result of receiving a demand from Mr. Larvadain for policy limits, despite the fact that the Policy contains various exclusions that preclude coverage." ECF No. 8 at 9. "Despite the various exclusions that preclude coverage in this case, Mr. Larvadain nevertheless issued a demand for policy limits." ECF No. 14 at 3.

Moreover, Penn-America has failed to provide the entire contract to the Court.

16

coverage afforded by Penn-America's insurance policy and the state law claims involved.  Therefore, this action is justiciable.

2. <u>The Anti-Injunction Act precludes the Court from granting declaratory relief in this action.</u>

Before a court considers whether it should exercise its discretion to entertain an action for declaratory judgment, the court must first determine whether it even has the authority to grant the requested declaratory relief in the first instance.  In this regard, Fifth Circuit law provides that "when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti–Injunction Act." *Travelers Insurance Co.,* 996 F.2d at 776 (citing *Texas Employers' Insurance Association v. Jackson,* 862 F.2d 491, 506 (5th Cir. 1988), cert. den., 490 U.S. 1035 (1989)).

The Anti–Injunction Act [28 U.S.C. § 2283] provides "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." [18 U.S.C. § 2283.]  "Section 2283 was enacted ... to avoid unseemly conflict between state and federal courts." *Signal Properties, Inc. v. Farha,* 482 F.2d 1136, 1137 (5th Cir.1973).  "This creates a national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances."  *Shore v. Saxbe,* 395 F. Supp.

1396, 1396 (E.D. Tenn. 1974) (citing *Younger v. Harris,* 401 U.S. 37, 41 (1971)).  If the Anti–Injunction Act would bar an injunction, a declaratory judgment that would have the same effect is also barred.  *See Texas Employers' Insurance Association,* 862 F.2d at 494; *see also Nationstar Mortgage, L.L.C. v. Knox*, 351 Fed. Appx. 844, 847 (5th Cir. 2009).

"A federal declaratory judgment [could], of course, be *res judicata* of the state suit, thus resolving it as surely as an injunction, and in any event the declaratory judgment can itself be enforced by injunction under 28 U.S.C. § 2202 pursuant to the 'protect or effectuate' exception to section 2283." *Texas Employers' Insurance Association,* 862 F.2d at 505 (*citing Samuels v. Mackell,* 401 U.S. 66, 72 (1971)). "[E]ven if the declaratory judgment is not used as a basis for actually issuing an injunction, the declaratory relief alone has virtually the same practical impact as a formal injunction would." *Texas Employers' Insurance Association,* 862 F.2d at 505 (*citing Samuels,* 401 U.S. at 72).  "[T]he issuance of a declaratory judgment in such situations would be antithetical to the noble principles of federalism and comity." *See Travelers Insurance Co.*, 996 F.2d at 776 (*citing Texas Employers' Insurance Association,* 862 F.2d at 505).

"Thus, as a general rule, the district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district

court is prohibited from enjoining the state proceedings under the Anti–Injunction Act." *See Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.,* 996 F.2d 774, 776 (5th Cir. 1993) (*citing Texas Employers' Insurance Association v. Jackson,* 862 F.2d 491, 506 (5th Cir. 1988), *cert. denied,* 490 U.S. 1035 (1989); and *Samuels v. Mackell,* 401 U.S. 66, 73 (1971)); *see also Sherwin-Williams Co.,* 343 F.3d at 388.

First, Larvadain made an informal claim in correspondence with Penn-America on January 6, 2022. ECF No. 5-2 at 9, ¶ 66. Penn-America denied his claim the same day. ECF No. 5-2 at 9, ¶ 67. Larvadain submitted a formal claim to Penn-America on February 8, 2022. ECF No. 5-2 at 10, ¶ 69. About five days after Penn-America's deadline to respond to Larvadain's claim ran out, Penn-America filed this declaratory action, without responding to Larvadain. ECF No. 1. Two weeks later, Larvadain filed his state court action for damages. ECF No. 5-2.

Penn-America admits it filed this suit in anticipation of Larvadain's state action.[6] ECF No. 8 at 6; No. 14 at 13-14. Penn-America contends that because it filed first, there was no pending state court action. ECF No. 8 at 7; No. 14 at 12.

---

[6] Penn America argues that it does not have to wait for a plaintiff to file suit against it. "One of the main purposes of the Federal Declaratory Judgment Act was to provide a means to grant litigants judicial relief from legal uncertainty in situations that had not developed sufficiently to authorize traditional coercive relief. Litigants would no longer be put to the Hobson's choice of foregoing their rights or acting at their peril; nor, if they had already acted, would they be forced to wait, for perhaps many years, until the statute of limitations expired, to know whether they had been subjected to some significant liability." *Texas Employers' Insurance Association v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988). That is simply what has occurred in this case.

However, there is no requirement that the state court action be pending *at the time the declaratory plaintiff files its suit*.[7]  Such a requirement would incentivize every defendant to try to file first, in a "race" to *res judicata* or to control the forum. Instead, the provision is phrased so that the Court should not decide a declaratory judgment if there is a state court action pending at that time.  Moreover, using a declaratory judgment action to race to *res judicata* or to change forums, as Penn-America has done, is inconsistent with the purposes of the Declaratory Judgment Act.  *See Travelers Insurance Co.*, 996 F.2d at 776 n. 7 (*citing* J. W. Moore, Moore's Federal Practice ¶ 57.08[5] (2d ed. 1991); C.A. Wright, A.R, Miller, M.K. Kane, 10B Federal Practice and Procedure § 2758 (2d ed. 1983)).

However, in situations where, as here, there exist two separately filed lawsuits pending in different courts, the Fifth Circuit "has recognized and applied ... the first-filed rule."  *Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.,* 48 F.4th 603, 606 (5th Cir. 2022) (*citing West Gulf Maritime Association v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985), and *Mann Manufacturing, Inc v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971)).  This " 'first-to-file' rule is grounded in principles of comity and sound judicial administration."  *Pontchartrain Partners, L.L.C.,* 48 F.4th at 606 (*citing Save Power Ltd. v. Syntek Financial Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)).

---

[7]  In *Sherwin-Williams Co.*, 343 F.3d at 392, the Fifth Circuit considered the "impact" of whether there was a state court action pending "*when the district court dismissed the case*" – not when the action was filed.

To effectuate these principles, the rule provides that "[i]n the absence of 'compelling circumstances,' the district court who gets the suit first should be the one to decide the case." *Pontchartrain Partners, L.L.C.,* 48 F.4th at 606 (*citing Excel Music, Inc. v. Simone*, 1996 WL 5708, at *6 (E.D. La. 1996), and *Mann*, 439 F.2d at 407)). But where such "compelling circumstances" exist, dismissal of a first-filed declaratory judgment action may be appropriate. *See Pontchartrain Partners, L.L.C.,* 48 F.4th at 606 (*citing Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983)).

Larvadain made an informal claim in correspondence with Penn-America on January 6, 2022 (ECF No. 5-2 at 9, ¶ 66), which Penn-America denied the same day (ECF No. 5-2 at 9, ¶ 67). Larvadain submitted a formal claim on February 8, 2022. ECF No. 5-2 at 10, ¶ 69. Five days after Penn-America's deadline to respond to Larvadain's, Penn-America filed this declaratory action, without responding to Larvadain's claim. ECF No. 1. Two weeks later, Larvadain filed his state court action for damages. ECF No. 5-2.

Larvadain's state court action was filed before this Court could have ruled on Penn-America's declaratory action.[8] Under these circumstances, Larvadain's suit clearly satisfies the requirement of a pending state action. *See Pontchartrain Partners, L.L.C.*, 48 F.4th at 606 (although the insurer's declaratory action in

---

[8] The delay for Larvadain and Haros to respond to this Complaint had not run when Larvadain filed his state action.

federal court was technically the first to be filed, its "race to the courthouse represented a misuse of the Declaratory Judgment Act that attempted to preempt the proper plaintiff's forum choice").

Second, the full scope of the state case involves, or will foreseeably involve, the same issues as to coverage and duty to defend that are before this Court, as well as other issues such as damages. Although Penn-America contends that issues of coverage and duty to indemnify are not before the state court, it is patently clear that they will be if Penn-America's declaratory judgment action is dismissed, unless Penn-America intends to abandon its defense in state court.[9] It also appears that Louisiana state law applies in this case–as to the construction of contracts, and the legal duties, relationships, and potential liabilities of the parties. Finally, the coverage issue, it is not a simple, clear-cut legal issue that involves a simple reading of the insurance contract. It appears to involve issues of fact as to the scope of work in the employment contract, exactly what caused the structure to fail, and who (if anyone) was at fault.

Third, if this Court were to decide the factual issues presented in this coverage and duty-to-defend case, it could become necessary to enjoin the state

---

[9] "The issue of coverage is, to use a loose expression, only 'half' of a direct action under LSA-R.S. 22:655. The 'direct action' granted therein and contemplated by § 1332(c) is an action brought by an injured party directly against the insurer of an alleged tortfeasor, by which the principal issue of the insured's liability may be immediately adjudicated without the necessity of first obtaining a judgment on that issue against the insured before proceeding against the insurer on the issue of coverage." *See LeBleu*, 272 F. Supp. at 430.

court from making conflicting findings and rulings on the remaining issues–if there were any left–in order to protect and effectuate its judgment.

Issuing a declaratory judgment in these circumstances would result in a judgment that effectively stays or enjoins state court proceedings, would interfere with the state court plaintiff's right to choose his forum, and would violate the principles of federalism and comity. Accordingly, this Court does not have authority to enter a declaratory judgment in this action. *Contrast Moore v. Home Depot U.S.A., Inc.,* 2017 WL5180431, at *5 (M.D. La. 2017) (a court has the authority to grant declaratory relief if the declaratory judgment would not effectively enjoin parallel state court proceedings).

This case should be dismissed for lack of subject matter jurisdiction.

3. <u>**Alternatively, the Court should exercise its discretion to abstain and dismiss this case.**</u>

Larvadain filed a Motion to Dismiss pursuant to *Brillhart* (ECF No. 5)*,* and Haros filed a Motion to Abstain, seeking to have the Court abstain from deciding the merits of this case (ECF No. 10).

In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. *See Sherwin-Williams Co.*, 343 F.3d 383, 389 (*citing Wilton,* 515 U.S. at 289). There is nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory

23

judgment action.  *See Wilton*, 515 U.S. at 288; *see also Rowan,* 876 F.2d at 28 ("The determination that a party's complaint under the Declaratory Judgment Act presents a justiciable controversy does not mean that a district court is required to maintain and resolve the action.").

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.  Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."  *Brillhart,* 316 U.S. at 495.

> [A district court] should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.  This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there.  The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Id.*

The *Brillhart* test applies when the only relief sought is declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  *Century Surety Co. v. Blevins*, 799 F.3d 366, 373 (5th Cir. 2015).  *Brillhart* allows a federal district court to stay an action seeking declaratory relief when the parallel state proceeding involves the same necessary parties and the claims of all parties in interest can be

adjudicated by the state court.[10]  *See Century Surety Co.*, 799 F.3d at 373 (*citing Wilton,* 515 U.S. at 281–90); *In re Mike Hooks, L.L.C.*, 2021 WL 627739, at *3 (W.D. La. 2021).

However, where the issue in federal court is purely one of insurance coverage, there is no third party demand filed by the state court defendant against the plaintiff in the federal suit, and no factor other than judicial economy weighs in favor of abstention, jurisdiction may be exercised.  *See Centennial Insurance Co. v. Nguyen,* 2004 WL 2186620, *4 (E.D. La. 2004); *see also La Casa Castro v. Latin American Energy Development, Inc.*, 1999 WL 239575, at *3 (E.D. La. 1999).

Under *Brillhart,* the district court has broad discretion to stay or dismiss a claim brought under the Declaratory Judgment Act "when a parallel suit not governed by federal law and presenting the same issues is pending in state court." *Kelly Investment, Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002); *see also Century Surety Co.*, 799 F.3d at 373.  This purpose is perhaps best exemplified where a plaintiff seeks a declaration of existing or future obligations under a contract or ownership of intellectual property.   *See MH Sub 1, L.L.C. v. FPK Services, L.L.C.*, 2019 WL 13138139, at *5 (W.D. Tex. 2019) (*citing Rowan*, 876 F.2d at 28).

---

[10]  In contrast, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them when coercive, not declaratory, claims are involved.  *See Century Surety Co.*, 799 F.3d at 373 (*citing Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976)).

In *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994) ("*Trejo*"), the United States Fifth Circuit Court of Appeals listed relevant factors the district court must consider in determining whether to dismiss a declaratory judgment:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3) whether the plaintiff engaged in forum shopping in bringing the suit;

4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5) whether the federal court is a convenient forum for the parties and witnesses;

6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy"; and

7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* (quoting *Travelers Insurance Co.*, 996 F.2d at 778). "[T]he Fifth Circuit does not require a mechanical or mathematical weighing of the nonexclusive *Trejo* considerations. . . . Even assuming the fairness factors weighed entirely in favor of deciding the case on the merits, those factors are outweighed by concern for the

proper allocation of decision-making, federalism, comity, and efficiency."[11] *Cherokee Insurance Co. v. Babin ex rel. Rogers*, 2007 WL 2381928, at *6 (S.D. Miss. 2007).

"[A]bstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994). "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams Co.*, 343 F.3d at 390–91; *see also Ironshore Specialty Insurance Co. v. Tractor Supply Co.*, 624 Fed. Appx. 159, 166 (5th Cir. 2015) ("It is clear that a district court may decline to decide a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the *same parties.*"); *Blue Hill Specialty Insurance Co.*, 2022 WL 2134615, at *2 ("If the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should

---

[11] "The *Trejo* factors address three broad concepts: federalism (first and seventh factors); fairness (second, third, and fourth factors); and efficiency (first, fifth, and sixth factors)." *Blue Hill Specialty Insurance Co. v. Cricket Transportation, L.L.C.*, 2022 WL 2134615, at *2 (W.D. La. 2022) (*citing Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 390–92 (5th Cir, 2003)).

decide the case and the federal court should exercise its discretion to dismiss the federal suit.").

### a.    There is a pending state court action.

The first factor, whether there is a pending state action in which all the matters in the controversy may be litigated requires the court to examine comity and efficiency. *See Ironshore Specialty Insurance Co.*, 624 Fed. Appx. at 166 (*citing Sherwin-Williams,* 343 F.3d at 391).

There is a pending state court action filed by Larvadain, involving the same parties, that will resolve all of the issues raised in this case.[12]   ECF No. 5-2.  "A district court may decline to decide 'a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.'" *Sherwin-Williams,* 343 F.3d at 392 (quoting *Brillhart,* 316 U.S. at 495); *see also Ironshore Specialty Insurance Co.*, 624 Fed. Appx. at 166.

Penn-America contends the state court suit will not determine whether Penn-America must defend or indemnify Haros against Mr. Larvadain's claims. As a result, the issues presented in this declaratory judgment action and Mr. Larvadain's state court suit are not the same.

"'Perfect parallelism' between the state and federal cases is not required in order for this factor to weigh in favor of dismissal." *New England Insurance Co. v. Barnett*, 2007 WL 3288880, at *4 (W.D. La. 2007) (citing *Sherwin-Williams*, 343

---

[12] Penn-America argues the state suit is not "parallel" to the federal suit.  This argument is only relevant to the seventh *Trejo* factor.

F.3d at 394); *see also Employers Mutual Casualty Co. v. Five Star Industrial, L.L.C.*, 2019 WL 3331608, at *4 (W.D. La. 2019), *report and recommendation adopted,* 2019 WL 3331687 (W.D. La. 2019).  Instead, *Trejo* only requires "a pending state action in which all of the matters in controversy may be fully litigated" in order to trigger the relevant federalism concerns.  *See Lamonda v. Securities and Exchange Commission*, 2011 WL 5080365, at *3-*4 (N.D. Tex. 2011), *report and recommendation adopted,* 2011 WL 5101504 (N.D. Tex. 2011) (quoting *Trejo*, 39 F.3d at 590–91).

Although the Court has not been apprised of the pleadings and motions filed in the state case, it is apparent that the issues of coverage, duty to defend, and indemnification will arise in that case, also.  It seems unlikely that Penn America will abandon those defenses.

Therefore, this federalism factor favors abstention.

### b.  Penn-America's filing in this Court was anticipatory and preempted Larvadain's forum choice.

The second and third factors, whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, and whether the plaintiff engaged in forum shopping, weigh in favor of abstention.

"One of the Declaratory Judgment Act's purposes 'is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires.  The mere fact that a declaratory judgment action is brought in

anticipation of other suits does not require dismissal.'" *Ironshore Specialty Insurance Co.*, 624 Fed. Appx. at 167 (*quoting Sherwin-Williams,* 343 F.3d at 397). *Sherwin–Williams* emphasized the similarities between this and the forum-selection factor. *See id.* Both speak to the fairness aspect of the inquiry, "whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Id.*

Declaratory judgment suits are often "anticipatory" because they are "appropriately filed when there is an actual controversy that has resulted in or created a likelihood of litigation" and because more than one forum may be proper, the plaintiff is entitled to make a selection. *Id.* The court requires more than the plaintiff's ability to "predict that there would be a related suit filed in state court" to make his actions "an instance of forum-shopping instead of a reasonable assertion of its rights under the declaratory judgment statute . . . ." *Ironshore Specialty Insurance Co.*, 624 Fed. Appx. at 167. Instead, courts look to factors that suggest "procedural fencing," such as filing the declaratory action before the other party is legally able to bring a state action due to some exhaustion requirement or using the federal court suit for the sole purpose of determining which state's law would apply. *See Sherwin-Williams*, 343 F.3d at 397–99; *see also Employers Mutual Casualty Co.*, 2019 WL 3331608, at *4.

Penn-America argues that a plaintiff is not required to wait indefinitely for the defendant to act and admits it filed this action in anticipation of Larvadain's

suit. *See LeBleu,* 272 F. Supp. at 427 (noting that the purpose of the Declaratory Judgment Act is "to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued"); *Rowan Companies, Inc. v. Ainsworth*, 5 F. Supp. 2d 420, 422–23 (W.D. La. 1998). Approximately five days after the 30-day period for accepting or rejecting Larvadain's claim expired, Penn-America filed this suit, without responding to Larvadain's claim. *Compare Mission Insurance Co.,* 706 F.2d at 602 (finding anticipatory filing where insurer orally rejected defendant's claim and filed suit the same day).

The advantage to Penn-America filing this action so quickly appears to be that it was able to choose the forum; the applicable law is the same in either forum. Although avoidance of the state court system does not necessarily demonstrate impermissible forum selection, *see Sherwin-Williams Co.,* 343 F.3d at 399; *see also AXA Re Property & Casualty Insurance Co. v. Day*, 162 Fed. Appx. 316, 320 (5th Cir. 2006), Penn-America preempted Larvadain's forum choice while Larvadain was waiting for Penn-America to respond to his claim.

Because Penn-America's selection of a federal forum in anticipation of Larvadain's state court action effectively preempted Larvadain's forum choice, Penn-America engaged in impermissible forum-shopping. *Compare Pontchartrain Partners, L.L.C.,* 48 F.4th at 606. Therefore, this factor weighs in favor of abstention.

c.   **It may be inequitable to allow Penn-America to proceed in federal court.**

The fourth factor is whether there are possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist.  In other words, if there is a parallel state court proceeding involving the same issue, will Penn-America inequitably gain precedence in time or change a previously selected forum for the declaration it seeks?  An opinion reached by the federal court could contradict a ruling in the state court case, which would create inequities by giving the Plaintiff precedence.  This factor goes to fairness.  *See Ironshore Specialty Insurance Co.*, 624 Fed. Appx. at 167 (*quoting Sherwin–Williams,* 343 F.3d at 391).

The same parties are in the state court action, as well as the same issues of coverage and duty to defend.  Louisiana law would be applied by either federal or state court in construction of the contract's coverage.  The parties have not apprised this Court as to whether the state court has ruled on the coverage issue, or any other issues.  It is possible that contradictory rulings could be made.

d.   **The federal court is a convenient forum.**

Courts primarily address the convenience factor in geographic terms, even where they find that a parallel state court action is pending, and regard it as neutral when the state court action is pending in the same district where the federal courthouse is located.  *See Employers Mutual Casualty Co.*, 2019 WL 3331608, at *6 (*citing Sherwin-Williams Co.*, 343 F.3d at 400-01).

32

Because the federal court is located one block away from the state court, neither is more convenient than the other. This factor is neutral on the abstention issue.

### e. Judicial economy would not be served by deciding the contract coverage issue in this Court.

The next factor is whether retaining the lawsuit in federal court and issuing a declaratory judgment would serve the purpose of judicial economy.

Where there is a parallel state court proceeding between the same parties, that can consider the coverage issue, judicial economy is best served by abstention. *Contrast AXA Re Property & Casualty Insurance Co.*, 162 Fed. Appx. at 321. It is well established that federal courts "should avoid duplicative or piecemeal litigation where possible," because such litigation risks inconsistent rulings and unnecessary duplication of judicial resources.[6]  *See Sherwin-Williams Co.,* 343 F.3d at 391; *Employers Mutual Casualty Co.*, 2019 WL 3331608, at *6; *Ford v. Monsour*, 2011 WL 4808173, at *6 (W.D. La. 2011). Where the relevant parties are joined in the state court suit and all claims may be fully litigated in that forum, this factor favors abstention.  *See Princeton Excess & Surplus Lines Insurance Co. v. Mehendi*, L.L.C., 2014 WL 782832, at *3 (W.D. La. 2014). Because that has now been shown to be the case in this matter, the sixth factor weighs in support of dismissal.

The state court can and undoubtedly will consider the issues of coverage, duty to defend, and indemnification, as well as the issues of liability and damages.

33

Retaining the lawsuit in federal court would result in bifurcation of the lawsuit between two courts, which would not serve the purpose of judicial economy. This factor weighs in favor of abstention.

### f.    The Court has not been apprised of a state court decree to be construed.

The last factor is whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. The parties have not brought to the Court's attention any state court judicial decree or ruling on the coverage, indemnification, and duty to defend issues in the parallel state case. Therefore, this factor is unknown.

### g.    The Court should abstain.

Therefore, the undersigned recommends, in the alternative, that the Court exercise its discretion to abstain and dismiss this case. The first factor–the pending state court action that can resolve the issues presented in this suit–favors abstention. The second, third factors, and fifth factors–the indication that Penn-America filed this action in anticipation of the state lawsuit filed by Larvadain and engaged in forum shopping, and the interests of judicial economy–weigh in favor of abstention. The fourth and sixth factors, relating to state judicial decrees and whether is would be inequitable for the federal court to proceed, represent unknowns. The fifth factor, convenience for the parties and witnesses, is neutral.

Therefore, the *Trejo* factors indicate that this Court should grant Larvadain's Motion to Dismiss (ECF No. 5) Haros's Motion to Abstain (ECF No. 10), and dismiss Penn-America's declaratory judgment action.

## III.    Conclusion

Based on the foregoing, IT IS RECOMMENDED that Larvadain's and Haros's Motions to Dismiss pursuant to Rule 12(b)(1) for lack of diversity jurisdiction (ECF Nos. 5, 10) be DENIED.

IT IS RECOMMENDED that Penn-America's Declaratory Judgment action be DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction under the Anti-Injunction Act.

Alternatively, IT IS RECOMMENDED that Larvadain's Motion to Dismiss pursuant to Rule 12(b)(6) (ECF No. 5) and Haros's Motion to Abstain and Dismiss (ECF No. 10) be GRANTED and that Penn America's declaratory judgment action be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor

encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this _____ 3rd _____ day of April 2023.

Joseph H.L. Perez-Montes
United States Magistrate Judge